**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| RE:   RONALD HUGH HERNDON | * | CHAPTER 13 |
| LINDA LOU HERNDON | * | CASE NO.   16-50735 |
| Debtor(s) | * | |

**MOTION TO EXTEND AUTOMATIC STAY**
**ORDER AND NOTICE OF OPPORTUNITY FOR HEARING**

The Debtor(s), by Counsel, pursuant to Bankruptcy Code Section 362 and state as follows:
1. That on 8/2/2016, the Debtor(s) filed in this Court a Petition under Chapter 13 of the US Bankruptcy Code.
2. The Debtor's previous bankruptcy cases are as follows:   (List all cases, filing date, Chapter, status and date of discharge or dismissal)
   6:92-bk-06259-CTC Filed 10/28/1992 Chapter 13 Discharged 2/09/1993
   14-51223 Filed 11/24/2014 Chapter 13 Dismissed 7/7/2016
3. Due to the dismissal of the previous case, the automatic stay will expire 30 days after the date of filing this new petition.
4. The Debtor(s) is requesting that the Court extend the automatic stay for the following reason(s).  The Debtor's previous case was dismissed due to the following circumstances; the previous case was dismissed due to the Debtors falling behind in their Chapter 13 plan payments.  The Debtors were unable to lower their Chapter 13 plan payment because of the Chapter 7 liquidation test. In the present case, the Debtors obtained a new price opinion on the real estate located in Dickinson County, VA for a significantly lower value than the tax assessment due to the location of the property and the depressed real estate market in that area of Virginia. Thus the Chapter 7 liquidation test is much lower in the present case. Accordingly, the Debtors' Chapter 13 plan payments are only $700.00 per month as opposed the prior case's Chapter 13 plan payment of $1,022.00 per month. The Male Debtor has recently lost his income from worker's compensation, so the lower Chapter 13 plan payment will make this new case more feasible. The Debtors will set up automatic recurring payments for their Chapter 13 plan payment and believe they are able to successfully complete this new Chapter 13 case.

**WHEREFORE,** your Debtor(s) prays that the Court, after notice and an opportunity for hearing, enter an Order extending the automatic stay until such time the Court deems otherwise.

Dated:   08/31/2016

By:

/s/David Wright
David Wright
Cox Law Group
901 Lakeside Drive
Lynchburg, VA 24501

**NOTICE AND ORDER FOR HEARING**

It appearing to the Court proper so to do, it is **ORDERED** that any affected party or creditor (the "Respondent(s)") shall have twenty one (21) days from the date of the entry of this order on docket to file with the *Clerk of the United States Bankruptcy Court, Bankruptcy Court, 3rd Floor, 116 N. Main Street, Harrisonburg, VA, 22802*, and **serve upon the Counsel for the Debtor(s)** at the address given   above a written response to said MOTION and absent same, the Debtor may tender an order extending the automatic stay.

If Respondent(s) timely files a response to the Debtor's MOTION, or should the Chapter 13 trustee object to the granting of an order extending the automatic stay, a hearing on the same, a hearing shall be held in the *United States Bankruptcy Court, Bankruptcy Court, 3rd Floor, 116 N. Main Street, Harrisonburg, VA, 22802*, on ***October 5, 2016***, at ***9:30 a.m.***, on the Debtor's MOTION TO EXTEND AUTOMATIC STAY.  The Respondent must be present in person, or represented by Counsel at said hearing.

If no response is filed within the twenty one (21) days and the trustee endorses an order extending the automatic stay, the court may enter a separate order extending the automatic stay.   But however should an order not be entered within 1 day prior to the date set by this court, then the Debtors shall appear and be prepared to present evidences as to why the extension of the automatic stay shall be granted.

The Court further finds that cause exists to extend the automatic stay temporarily in order to facilitate this noticing procedure for the extension of the stay pursuant to 11 U.S.C. 362(c)(3)(B) that is necessary to provide all interested parties sufficient time to review object to the Debtor(s)' motion; it is therefore ORDERED that the automatic stay is extended temporarily through ***October 5, 2016***
.

The Debtor(s) shall serve a copy of this order upon all affected parties, within 5 days of the date of entry of this order on docket, and certify in writing to the Court that he or she has done so.

DATED:_____                    _____

                                                       **Rebecca Connelly** - **United States Bankruptcy Judge**

Seen and Agreed to:
By: /s/ Herbert Beskin
Chapter 13 Trustee

I hereby, certify that I have this date mailed a true copy of the foregoing motion and order to all creditors on the mailing matrix in this case.

DATED:_____                    _____

                                                        Counsel for Debtor(s)